**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRYAN NEAL,                      :
                                                    Civil Action No. 08-2477 (NLH)
        Petitioner,      :

        v.               :   **OPINION**

WARDEN GRONDOLSKY,               :

        Respondent.      :

**APPEARANCES:**
Petitioner pro se             Counsel for Respondent
1939 Mulberry Street        John Andrew Ruymann
Harrisburg, PA 17104        Assistant U.S. Attorney
                                      402 East State Street
                                      Suite 430
                                      Trenton, NJ 08608

**HILLMAN**, District Judge

    Petitioner Bryan Neal, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, at the time he filed this Petition, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondent is the Warden of the Federal Correctional Institution at Fort Dix.

    For the reasons set forth below, the Petition must be denied.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

## I. BACKGROUND

Petitioner is presently serving a 55-month term of imprisonment, imposed on January 13, 2005,[2] pursuant to his conviction in the United States District Court for the Middle District of Pennsylvania of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[3] That sentence recommended that Petitioner be considered for participation in the Bureau of Prisons 500-hour drug treatment program.[4]

On September 26, 2006, Petitioner was advised that he qualified to participate in the 500-hour drug treatment program. (Answer, Ex. 4.) In the same Notice, Petitioner was advised that his § 922(g) conviction precluded him from consideration for early release upon completion of the program. Petitioner signed the Notice, acknowledging its receipt. Petitioner did not pursue his administrative remedies with respect to this Notice.

---

[2] Petitioner's offense conduct concluded on October 1, 2003.

[3] Section 922(g) provides, in pertinent part:

(g) It shall be unlawful for any person -
    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ...
to ship or transport in interstate or foreign commerce, or possess in or affective commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

[4] The 500-hour drug treatment program is described in detail in § II, Analysis, infra.

2

Petitioner began participation in the 500-hour drug treatment program on or about March 12, 2007, and he completed the program on or about December 14, 2007.

Here, Petitioner alleges that § 922(g) can not be defined as a "crime of violence," excluding him from consideration for early release under the drug treatment program, and that the governing BOP regulation is therefore unlawful.  Petitioner's citation to the case <u>Arrington v. Daniels</u>, 516 F.3d 1106 (9th Cir. 2008), also suggests that he contends that the regulation was not promulgated properly under the Administrative Procedure Act.

Respondent answers that the Petition should be dismissed for Petitioner's failure to exhaust his administrative remedies and that, in any event, BOP regulations and program statements categorically excluding persons convicted of violating § 922(g) are valid.  Petitioner has not filed a reply in support of his claims.  This matter is now ready for disposition.

## II.  <u>ANALYSIS</u>

In 1990, Congress required the Bureau of Prisons to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addition or abuse."  Crime Control Act of 1990, Pub.L. 101-647, § 2903, 104 Stat. 4789, 4913 (codified as amended at 18 U.S.C. § 3621(b)).  In 1994, Congress amended the statute to provide an

incentive for prisoner participation.  The incentive provision reads:

> The period a prisoner convicted of a <u>nonviolent offense</u> remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103-322, § 32001, 108 Stat. 1796, 1897 (codified at 18 U.S.C. § 3621(e)(2)(B)) (emphasis added).

The Bureau published a regulation to implement the early release incentive one year later.  The Bureau defined prisoners who had not been convicted of a nonviolent offense, and who thus were ineligible for early release, as those prisoners who were currently incarcerated for committing a crime of violence as defined in 18 U.S.C. § 924(c)(3).  28 C.F.R. § 550.58 (1995); <u>see</u> 60 Fed.Reg. 27,692, at 27,695.  Following the promulgation of the 1995 regulation, the Courts of Appeals reached differing conclusions on the question of whether the Bureau had discretion to further define a crime of violence as an offense involving a firearm, and thus exclude from eligibility for the early release incentive those prisoners who were incarcerated for such offenses.  <u>See generally</u> <u>Lopez v. Davis</u>, 531 U.S. 230, 234-35 (2001).

In light of the split among the Circuits, the Bureau promulgated an interim regulation on October 15, 1997, and made

the regulation effective approximately one week prior, on October 9, 1997.  28 C.F.R. § 550.58(a)(1)(vi)(B) (1997); 62 Fed.Reg. 53,690.  The 1997 interim regulation, like the one it superceded, made ineligible for the early release incentive those prisoners incarcerated for an offense that involved the possession, use, or carrying of a firearm.  28 C.F.R. § 550.58(a)(1)(vi)(B).  The 1997 interim regulation differs from the 1995 regulation by relying on "the discretion allotted to the Director of the Bureau of Prisons in granting a sentence reduction to exclude [enumerated categories of] inmates," 62 Fed.Reg. at 53,690, rather than purporting to define the statutory terms "prisoner convicted of a nonviolent offense" or "crime of violence."[5]

The commentary accompanying publication of the 1997 interim regulation noted that the Bureau was "publishing this change as an interim rule in order to solicit public comment while continuing to provide consideration for early release to qualified inmates."  62 Fed.Reg. at 53,690.  Nevertheless, the effect of the implemented interim regulation was to deny program eligibility to certain categories of inmates confined at that

---

[5] In Lopez v. Davis, the Supreme Court held that the 1997 interim regulation's categorical exclusion of prisoners based on their involvement with firearms in connection with the commission of a felony was a permissible exercise of the Bureau's discretion.  The Court declined to consider the arguments of various amici that the 1997 interim regulation violated the notice-and-comment provisions of the APA, as that argument had not been raised or decided below, or presented in the petition for certiorari.  531 U.S. 230, 244 n.6.

time and until promulgation of a final regulation.  The commentary to the interim regulation further provided that comments on the interim rule were due on December 15, 1997, and that the comments would be considered before final action was taken.

Three years later, on December 22, 2000, the Bureau replaced the 1997 interim regulation with a final regulation, which adopted the 1997 interim regulation without change.  See 65 Fed.Reg. 80,745.  The final regulation was effective as of December 22, 2000.  Id.  The commentary accompanying the final regulation noted that the Bureau had received and considered approximately 150 comments from individuals and organizations, 138 of which were identical.  Id. at 80,747.  Thus, the final regulation read, in pertinent part, as follows:

> Consideration for early release.
>
> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a)  Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> ...

>                    (vi) Inmates whose current offense is a
>      felony:
>
>                    ...
>
>                    (B) That involved the carrying,
>      possession, or use of a firearm or other dangerous
>      weapon or explosives (including any explosive material
>      or explosive device), ...

5 U.S.C. § 550.58 (2000). The regulation has remained unchanged since 2000. See also BOP Program Statements 5330.10, Drug Abuse Programs Manual - Inmate (1997), and 5162.04, § 7, Categorization of Offenses (1997) ("All offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits.").

The Administrative Procedure Act requires, with exceptions not relevant here, that proposed rules be published in the Federal Register, not less than 30 days before the proposed rule's effective date, and provide a period for interested persons to comment on the proposed rule, which comments are to be considered by the agency prior to adopting the rule. See 5 U.S.C. § 553(b), (c), (d).

Following promulgation of the 1997 interim regulation, the United States Court of Appeals for the Ninth Circuit determined that the 1997 interim regulation was invalid, for failure to follow the notice-and-comment requirements of the APA. See, Paulsen v. Daniels, 413 F.3d 999 (9th Cir. 2005). The 2000 final rule, however, complied with the notice-and-comment requirements.

More recently, the Court of Appeals for the Ninth Circuit has held that the final 2000 rule is invalid, nevertheless, as "arbitrary and capricious" in violation of § 706(2)(A) of the APA, for failure to set forth a rationale for its categorical exclusion rule. Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008). It is upon the Arrington decision that Petitioner relies here.

As an initial matter, this Petition is subject to dismissal because Petitioner has not pursued his administrative remedies.[6] Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted

---

[6] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

This Court is not prepared to find that exhaustion of Petitioner's administrative remedies would have been futile or

that exhaustion would have subjected Petitioner to "irreparable injury." Petitioner was advised before he began the program that he was ineligible; thus, he had adequate time to pursue his administrative remedies. Moreover, the challenged regulation was of relatively recent origin and was the subject of litigation in various federal courts. Thus, it is not clear that the policy was one that the Bureau of Prisons would not have reconsidered. Accordingly, this Petition is subject to dismissal for failure to exhaust administrative remedies.

In addition, this Court disagrees with the Arrington decision. In Lopez v. Davis, 531 U.S. 230, 240 (2001), the Supreme Court agreed with the Bureau of Prisons' argument that "the agency may exclude inmates either categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, see Chevron[ v. Natural Resources Defense Council, 467 U.S. 837, 884 (1984)], in a manner that is not arbitrary or capricious, see 5 U.S.C. § 706(2)(A)." The Court went on, "Having decided that the Bureau may categorically exclude prisoners based on their preconviction conduct, we further hold that the [1997 interim regulation] is permissible. The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-

endangering violence and therefore appropriately determines the early release decision." 531 U.S. at 244 (footnote omitted).

The Court of Appeals for the Sixth Circuit has held that the Lopez decision "does directly control" the argument that this challenged regulation is arbitrary. See Harrison v. Lamanna, 19 Fed.Appx. 342, 2001 WL 1136080 (6th Cir. 2001). See also Cushenberry v. Federal Medical Center, 530 F.Supp.2d 908, 913 (E.D. Ky. 2008) (same); Robinson v. Gonzaales, 493 F.Supp.2d 758, 763-64 (D. Md. 2007) (same); Chevrier v. Marberry, 2006 WL 3759909, *4-5 (E.D. Mich. 2006) ("There is nothing unreasonable in the BOP's common-sense decision that there is a significant potential for violence from criminals who possess firearms."). This Court agrees that the Lopez decision directly controls the claim that this challenged regulation, which is identical to the 1997 interim regulation at issue in Lopez, is arbitrary in violation of the APA.[7]  Petitioner is not entitled to relief on this claim.

---

[7] Insofar as Petitioner contends that the BOP regulations and program statements are invalid because § 922(g) is not a "crime of violence" within the meaning of the governing statute, his argument also fails. The BOP does not preclude eligibility for early release upon a definition of § 922(g) as a "crime of violence," but rather as an exercise of the discretion vested in the Director of the Bureau of Prisons, as permitted by Lopez.

11

III. <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be dismissed or, in the alternative, denied on the merits. An appropriate order follows.

At Camden, New Jersey                     s/Noel L. Hillman
                                             Noel L. Hillman
                                             United States District Judge

Dated: September 9, 2008